**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ODREY PAUL REED,
        *Defendant-Appellant.*

No. 02-4637

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-97-157)

Submitted: January 30, 2003

Decided: February 6, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Michael H. Spencer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Odrey Paul Reed appeals the district court's order revoking his term of supervised release and sentencing him to twenty-three months of imprisonment and an additional term of thirteen months of supervised release. Reed's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although Reed was informed of his right to file a pro se supplemental brief, he has not done so. Finding no error, we affirm.

We review the district court's decision to revoke a defendant's supervised release and impose a term of imprisonment for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Reed challenges the sufficiency of the evidence to support the district court's finding that he violated the terms of his supervised release by committing the crime of malicious wounding.* Reed argues that the district court improperly credited the testimony of two government witnesses over the testimony of himself and his mother. However, the credibility of witnesses is an issue within the sole province of the fact finder. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Given the district court's credibility determination, we find no abuse of discretion in Reed's supervised release revocation and sentence.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the district court's

---

*Reed did not contest four other charged supervised release violations.

revocation of Reed's supervised release and the sentence imposed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*